## WILLIAMS OIL–O–MATIC HEATING CORPORATION v. BLISS.

### Patent Appeal No. 2810.

Court of Customs and Patent Appeals.

Jan. 4, 1932.

Langdon Moore, of Washington, D. C. (James Atkins, of Washington, D. C., of counsel), for appellant.

E. Hume Talbert, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Interferences dismissing appellant's application for the cancellation of appellee's registration No. 234,-331, issued October 25, 1927, for the trade-mark "Thermatic" for use on "automatically-controlled coal combustion systems or parts therefor, including the blower-controlling mechanism."

It appears from the agreed statement of facts, submitted by the parties in lieu of testimony, that appellant is a corporation duly organized and existing under the laws of the state of Illinois; that it is the owner of the following trade-mark registrations for use on liquid fuel burning devices: No. 199,644, registered June 16, 1925, of the trade-mark "Williams Oil-O-Matic Heating," No. 222,-211, registered December 28, 1926, of the trade-mark "Williams Oil-O-Matic Heating," and No. 239,830, registered March 13, 1928, of the trade-mark "Oil-O-Matic"; that the trade-mark "Oil-O-Matic" was adopted by appellant's predecessor on or about January 15, 1920, and, since that time, has been used continuously in interstate commerce as a trade-mark by appellant and its predecessor on liquid fuel burning devices; that the term "Oil-O-Matic" was made a part of appellant's corporate name in November, 1924; that appellant has expended large sums of money in advertising its product and its trade-mark in newspapers and magazines throughout the United States and Canada; and that its product comprises an electric motor, "adapted to be connected in the commercial electric lighting circuit, for operating a liquid fuel pump and an air blower, the pump delivering the liquid fuel to the combustion chamber of the furnace or heater and the air blower delivering air to produce combustion of the fuel in the combustion chamber when the fuel is ignited by an electrically operated ignition device, the whole system, namely, the motor, fuel pump, ignition device and air blower, being controlled by a thermostat in the motor circuit which controls the operation of the pump and blower. The system operates automatically to produce the desired temperature at which the control mechanism is set by causing the pump and blower to operate whenever the temperature within the building drops below the predetermined degree and to stop operating whenever the degree is reached."

It further appears from the agreed statement of facts that appellee adopted his trade-mark "Thermatic" for use on automatically controlled coal combustion systems or parts thereof, including the blower controlling mechanism, May 13, 1927, and has since continuously used it in interstate commerce; that appellee's trade-mark was registered in the United States Patent Office on October 27, 1927; and that the device on which appellee uses his trade-mark consists of a "motor driven blower which is electrically driven and automatically controlled by means of a thermostat which blower controls the introduction of draft for primary combustion beneath the bed of coal in the furnace, and has been only used in furnaces using coal as the fuel. These devices do not control the feed of the coal but automatically control the draft for combustion."

It is claimed in appellant's application for cancellation that appellee's registered trade-mark is confusingly similar to appellant's corporate name, and to its trade-mark "Oil-O-Matic;" that, unless appellee's registration is canceled, appellant will be hampered and embarrassed in the legitimate extension of its business—the manufacture of other mechanical combustion devices, and the use of its trade-mark thereon; and that appellant deemed itself injured by the registration to appellee of his trade-mark.

The tribunals of the Patent Office concurred in holding that the involved marks were not confusingly similar, and accordingly dismissed appellant's application for cancellation.

It is contended by counsel for appellant that the goods of the parties possess the same descriptive properties; that the marks are confusingly similar; and that therefore the decision of the Commissioner of Patents should be reversed.

On the other hand, it is contended by counsel for appellee that the goods of the re-

spective parties do not possess the same descriptive properties; that the involved marks are not confusingly similar; and that the decision of the commissioner should be affirmed.

In the case of Roy Cross v. Williams Oil-O-Matic Heating Corporation, 48 F.(2d) 659, 18 C. C. P. A. 1192, this court, in an opinion by Garrett, J., held that a device for automatically feeding pulverized coal to furnaces possessed the same descriptive properties as appellant's automatic oil heating device, and, in this connection, said:

"Both devices are for feeding fuel to furnaces—one feeds oil and the other coal. It is not the particular materials which they feed, however, that must furnish the test in this case; the issue is not whether oil and coal are of the same descriptive properties, but whether the devices that feed them into the furnaces are.

"Surely there can be no serious question about this. Obviously, they are of the same class and, being so, they are of the same descriptive properties under the doctrine of Cheek-Neal Coffee Co. v. Hal Dick Mfg. Co., 40 F.(2d) 106, 17 C. C. P. A. 1103, and numerous other cases decided by us since jurisdiction in trade-mark registration appeals was transferred to this court. California Canneries Co. v. Bear Glace Co., 44 F.(2d) 866, 18 C. C. P. A. 732, and cases reviewed therein."

It is true that, in the case at bar, appellee's device does not control the feed of the coal; whereas appellant's device feeds liquid fuel oil to the combustion chamber of the furnace or heater. However, in other respects, the devices have substantially the same functions. We are of opinion that the decision in the case of Roy Cross v. Williams Oil-O-Matic Heating Corporation, supra, is applicable to the case at bar, and that the goods of the respective parties possess the same descriptive properties.

We come now to the consideration of the question of the confusing similarity of the marks.

In the case of International Silver Co. v. American Silver Co., 37 F.(2d) 622, 623, 17 C. C. P. A. 871, this court, in an opinion by Lenroot, J., considered the question of the confusing similarity of the trade-mark "A. S. Co. 1857," with the trade-mark "1847 Rogers Bros.," used on identical goods, and, among other things, said:

"We may take judicial notice of the fact that the purchase of silverware, sterling or plated, involves a considerable degree of care and discrimination upon the part of the purchaser. The goods are valuable. They are not a matter of every day purchase upon the part of an individual, like food products or other products that require frequent replacement. A person might purchase silverware bearing the mark '1857' alone in the belief that he was buying goods manufactured by the owner of the mark '1847 Rogers Bros.,' but we do not think this confusion is likely to occur with the mark 'A. S. Co. 1857.'

"Were the goods upon which the marks are used of a character involving less discrimination and care in their purchase, we might come to a different conclusion."

The language of the court in that case is particularly applicable to the facts in issue in the case at bar, and we may here, as there, take judicial notice of the fact that the purchase of devices of the character of those produced by the involved parties is attended with care and discrimination upon the part of the purchaser.

The suffixes of the marks, as stated by counsel for appellant, are identical. The prefixes, however, are quite dissimilar; so much so, in fact, as, in our opinion, to make the marks as a whole clearly and easily distinguishable when applied to articles of the character of those here involved.

Giving consideration to the character of the goods of the parties, the discriminating care with which they are purchased, and the dissimilarity of the marks, we are of opinion that the marks are not confusingly similar.

The decision is affirmed.

Affirmed.