27 C.C.P.A. (Patents)

## SYNCROMATIC AIR CONDITIONING CORPORATION v. WILLIAMS OIL–O–MATIC HEATING CORPORATION.

### Patent Appeal No. 4206.

Court of Customs and Patent Appeals.
March 4, 1940.

Ira Milton Jones, of Milwaukee, Wis., for appellant.

Langdon Moore, of Washington, D. C. (James Atkins, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming that of the Examiner of Interferences, sustaining the opposition filed by appellee to the registration by appellant of the mark "Syncromatic."

On November 6, 1935 appellant filed an application for registration of its trademark "Syncromatic" for use on air conditioning systems. On January 22, 1936 appellee filed notice of opposition to the registration of "Syncromatic," alleging that it is confusingly similar to appellee's registered marks "Air-O-Matic" (for air conditioning systems), "Dist-O-Matic," "Gas-O-Matic," "Ice-O-Matic," "Wash-O-Matic," and "Oil-O-Matic," and that therefore registration should be denied under the following provision in section 5 of the Trade-Mark Act of February 20, 1905, as amended, 15 U.S.C.A. § 85: "* * * *Provided,* That trade-marks which are identical with a registered or known trademark owned and in use by another and appropriated to merchandise of the same descriptive properties, *or which so nearly resemble a registered or known trade-mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers* shall not be registered: * * *." [Last italics ours.]

No testimony was taken, and the opposition was heard on notice of opposition and answer.

The Examiner of Interferences sustained the opposition, holding that "Syncromatic" was confusingly similar to "Air-O-Matic" when applied to identical merchandise (air conditioning systems). In addition to sustaining the opposition, the examiner also refused registration on the ground that the word "system" occurring in the particular description of the goods contained in the application was inapt, citing Lever Bros. Co. v. Butler Mfg. Co., 88 F.2d 842, 24 C.C.P.A., Patents, 1000. The Commissioner of Patents in his decision held this ruling to be correct, but stated that it "* * * may be overcome by appropriate amendment to the application after the termination of this proceeding in the event applicant should finally prevail." The commissioner affirmed the holding of the examiner that the mark of appellant is confusingly similar to appellee's mark "Air-O-Matic" previously registered for the same goods, and on this phase of the proceeding stated in his decision as follows: "I think the examiner of interferences was right. Applicant's argument to the contrary is based largely upon the case of Williams Oil-O-Matic Heating Corporation v. Bliss, 54 F.2d 430, 19 C.C.P.A. [Patents], 821, where registration was permitted of the word 'Thermatic' over opposer's mark 'Oil-O-Matic.' Obviously those marks are less nearly similar than

the ones here involved; and the goods to which the marks were applied, while of the same descriptive properties, were not identical. It is true that air conditioning installations are relatively expensive, and that there is less likelihood of confusion than if the marks were applied to goods 'of a character involving less discrimination and care in their purchase.' Nevertheless I do not think it can be said beyond doubt that no confusion is likely, and where doubt exists it must be resolved in favor of the first user."

The applicant then appealed to this court, and in its brief conceded: "Appellant does not deny the ownership of appellee's registrations, nor does it deny that appellee has expended some money in advertising these marks or that they undoubtedly represent some good will." and correctly stated the sole question here to be: " * * * whether or not the mark 'Syncromatic' so nearly resembles 'Air-O-Matic' that appellant's use of 'Syncromatic' is likely to cause confusion in the trade."

We cannot agree with the commissioner that the marks "Thermatic" and "Oil-O-Matic" involved in the case of Williams Oil-O-Matic Heating Corp. v. Bliss, 54 F.2d 430, 19 C.C.P.A., Patents, 821, are less nearly similar than the marks herein. The only similarity in that case was in the suffixes of the marks. It is true that in the instant case the involved marks have a similarity of sound in the last three syllables. However, the unitary word "Syncromatic" clearly differs in appearance from the hyphenated word "Air-O-Matic." There is certainly a difference in phonetic effect. Both are coined words. The mark sought to be registered would indicate a self-regulating, harmonious timing of the parts of the apparatus of appellant; and the mark of appellee would suggest a self-regulating distribution of air in its device. We, therefore, are of the opinion that the words "Syncromatic" and "Air-O-Matic" possess substantially as much dissimilarity as the words "Thermatic" and "Oil-O-Matic."

In the case of Williams Oil-O-Matic Heating Corp. v. Bliss, supra, after having held that the goods of the parties possessed the same descriptive properties, this court was of opinion that the marks were not confusingly similar, when consideration was given to the character of the goods of the parties, the discriminatory care with which they were purchased and the dissimilarity of the marks.

In this case the goods of the parties are substantially identical, but they are relatively expensive and undoubtedly their purchase would be made only after a careful comparative investigation of different apparatus for air conditioning systems. These facts, together with the dissimilarity of the marks, impel us to the conclusion that the marks are not confusingly similar.

We think that in this case the language of the court in the case of International Silver Co. v. American Silver Co., 37 F.2d 622, 623, 17 C.C.P.A., Patents, 871, is as particularly applicable to the facts in issue as it was in the case of Williams Oil-O-Matic Heating Corp. v. Bliss, supra. In the International Silver Co. case, supra, the court, among other things, said: "We may take judicial notice of the fact that the purchase of silverware, sterling or plated, involves a considerable degree of care and discrimination upon the part of the purchaser. The goods are valuable. They are not a matter of every day purchase upon the part of an individual, like food products or other products that require frequent replacement. A person might purchase silverware bearing the mark '1857' alone in the belief that he was buying goods manufactured by the owner of the mark '1847 Rogers Bros.,' but we do not think this confusion is likely to occur with the mark 'A. S. Co. 1857.'

"Where the goods upon which the marks are used of a character involving less discrimination and care in their purchase, we might come to a different conclusion."

For the reasons above indicated, the decision of the Commissioner of Patents is reversed, and the case is remanded to the Patent Office for appropriate action concerning amendment of the application, as suggested in the decision of the commissioner.

Reversed.