38 C.C.P.A. (Patents)

### UNITED–CARR FASTENER CORP. v. CAPEWELL MFG. CO.

Patent Appeals No. 5800.

United States Court of Customs and Patent Appeals.

June 5, 1951.

Charles F. Miller, Jr., Washington, D. C. (Edmund H. Parry, Jr. and Parry, Miller & Peverill, Washington, D. C., of counsel), for appellant.

Howard J. Churchill, New York City (Francis J. Sullivan and Fraser, Myers & Manley, all of New York City, of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Assistant Commissioner, 83 USPQ 471, reversing the decision of the Examiner of Trade-Mark Interferences which had sustained appellant's petition to cancel the registration of appellee's mark as applied to nails.

Appellee's mark is described by the examiner as "composed of a black disc surrounded by a circular line spaced from the disc a distance approximately twice the thickness of the circular line, and from which two groups of horizontal lines extend tangentially in opposite directions from the upper and lower parts of the circular line." The commissioner agreed with the examiner's description of appellee's mark and stated further that the "two groups of horizontal lines, extending tangentially, differ in length, and apparently are intended to give an impression of movement or speed." We agree with the above descriptions.

The petition to cancel was sustained by the examiner on the ground that the mark is confusingly similar to appellant's marks which are composed of a representation of a dot symbol, the word "Dot" and the phrase "The Dot Line Of Fasteners," as applied to various types of fasteners, and attaching means.

The petition for cancellation alleges appellant's ownership of its aforementioned marks and their prior use as trade-marks on its various types of fasteners and attaching devices; that appellee's goods are of the same class and the same descriptive properties as appellant's goods; and that there is such resemblance between the marks of the parties hereto as to give rise to the likelihood of confusion.

The record before us establishes the ownership and prior use of appellant's marks as alleged in the petition to cancel.

Appellant's goods include various types of fasteners, rachet nails, nail studs, and drive screws, used ordinarily in connection with or as parts of fasteners, but sold separately at times.

The evidence establishes that appellant has used its marks upon its goods for many years; that its goods have been widely advertised; have attained wide public recognition and that the volume of sales under its marks have been very large.

Appellee introduced no testimony and raises no issue as to appellant's rights to its marks or the prior use of them.

Appellant contends that the involved marks bear such near resemblance as to be reasonably likely to give rise to con-

fusion in trade or deception of purchasers as to the origin of the products when applied concurrently thereto.

Appellee contends that there is no resemblance between the marks involved, especially the type of resemblance which would result in confusion.

The commissioner held that appellee's mark must be considered in its entirety and that an examination of the involved marks does not give any impression of similarity between them; that appellee's mark is an integral design and one which differs radically from appellant's mark.

 We agree with the views expressed by the commissioner. The circular portion of appellee's mark does not appear to us to be a dot, or a figure which would be associated with a dot, even a large dot, in the mind of the observer. But we are not faced with the problem of determining the similarity of a "dot" and merely a larger "black disc." Appellee's mark consists of an integral design in which the "black disc" comprises merely one element, and it is not our opinion that the circular or disc portion of appellee's mark is the dominating feature thereof. It does not appear to be separable from the entire design nor to stand out as a separate or distinct feature thereof. In the last analysis, the similarity of marks must be determined largely on the basis of opinion, The Procter & Gamble Co. v. J. L. Prescott Co., 49 F.2d 959, 18 C.C.P.A., Patents 1433, Auburn Rubber Corp. v. Hanover Rubber Co., 107 F.2d 588, 27 C.C.P.A., Patents, 743, and it is our opinion that the marks here involved, when considered as a whole, bear no confusing physical resemblance to one another.

It is not necessary that appellant establish actual confusion but it has the burden of establishing that the mark registered by appellee so nearly resembles its mark that there is reasonable likelihood of confusion between the involved marks, and such likelihood of confusion will be presumed where confusingly similar marks are applied to goods possessing the same descriptive properties. Sutter Packing Co. v. Piggly Wiggly Corp., 64 F.2d 1006, 20

C.C.P.A., Patents, 1069; American Cyanamid Co. v. Synthetic Nitrogen Products Corp., 58 F.2d 834, 19 C.C.P.A., Patents, 1235.

On the record before us we do not think appellant has established that there is such similarity between the involved marks that there is any likelihood of confusion between them, therefore, it is not necessary to consider the other issues raised.

For the reasons stated the decision of the Commissioner of Patents is affirmed.

Affirmed.