38 C.C.P.A. (Patents)

**KANMAK TEXTILES, Inc. v. CARNAC, Inc.**

Patent Appeals No. 5807.

United States Court of Customs
and Patent Appeals.

June 5, 1951.

Worley, J., dissented.

Mock & Blum, New York City (Charles R. Allen, Washington, D. C. and Asher Blum, New York City, of counsel), for appellant.

Klein, Alexander & Cooper, New York City (H. von Maltitz, New York City, of counsel), for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

JACKSON, Judge.

This is an appeal in a trade-mark opposition proceeding under the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1051 et seq., from a decision of the Commissioner of Patents, 84 USPQ 141, affirming that of the Examiner of Interferences sustaining the opposition of appellee to the registration of the trade-mark "Kanmak" of appellant.

In the notice of opposition it is alleged that appellee is the owner and prior user of the trade-mark "Carnac," as applied to cotton piece goods, and that appellant's mark so nearly resembles the trade-mark of appellee as applied to goods of the same descriptive properties that there is likelihood of confusion. Appellee also relied on the name clause of the Act of 1905.

There is no question but that appellee is the prior user of its trade-mark and also the owner of the registered mark "Carnac Permafit," No. 290,681, dated January 12, 1932.

For the reason that appellee is the prior user of its trade-mark and the goods of the parties possess the same descriptive properties, the only question to be determined here is whether or not the involved marks possess such similarity as to be considered confusingly similar within the meaning of the act.

The Examiner of Interferences held that the mark sought to be registered bears such a near resemblance to the notation "Carnac" of appellee that confusion in trade would be likely, and purchasers might be deceived.

In the opinion of the examiner, the marks were similar in sound and that alone was sufficient to determine confusing similarity between the marks. In support of that holding he cited the cases of Skol Company, Inc., v. Olson, 151 F.2d 200, 33 C.C.P.A., Patents, 715; McKinnon & Company v. HyVis Oils, Inc., 88 F.2d 699, 24 C.C.P.A., Patents, 1105.

The examiner pointed out that appellee relied to some extent upon the case of The Procter and Gamble Company v. The Dill Company, 60 USPQ 423, which involved the marks "Camay" and "Carnee." Those marks were held to be confusingly similar.

The commissioner agreed with the examiner that the involved marks of the parties resemble each other at least to as great a degree as those involved in the Procter and Gamble Company case, supra. The commissioner then stated that the similarity in sound of the involved marks is greater than the similarity in their appearance, but

agreed with the examiner that they were similar enough in sound alone to be likely to cause confusion.

We have repeatedly announced that in trade-mark litigation such as here involved, our holdings are rarely based upon precedents. In re Dutch Maid Ice Cream Company, 95 F.2d 262, 25 C.C.P.A., Patents, 1009. In our opinion the marks "Kanmak" and "Carnac" clearly differ in appearance and have a distinct difference in sound. The only possibility, to our way of thinking, of confusion between the sound of the terms would have to be based upon improper pronunciation. Turco Products, Inc. v. Tykor Products, Inc., 187 F.2d 622, 38 C.C.P.A., Patents, —. We think that is so unlikely as to be negligible.

Because of what has been stated it is not necessary to discuss the name clause of the act.

We have no doubt that the marks of the parties as applied to their goods will not in any way be likely to cause confusion or deceive purchasers as to origin.

For the reasons hereinbefore set out, the decision of the commissioner is reversed.

Reversed.

WORLEY, J., dissents.