59 C.C.P.A.(Patents)

## EUREKA WILLIAMS CORP. v. WILLOUGHBY MACH. & TOOL CO.

Patent Appeal No. 5835.

United States Court of Customs and Patent Appeals.

Jan. 29, 1952.

Rehearing Denied March 14, 1952.

E. J. Balluff, Detroit, Mich. (Francis D. Thomas, Washington, D. C., of counsel), for appellant.

Michael Williams, Warren, Ohio (Russel N. Low, Washington, D. C., of counsel) for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

O'CONNELL, Judge.

This opposition was instituted in the Patent Office on January 10, 1948, by appellant, owner of the trade-mark "Oil-O-Matic," against appellee, owner of the mark "Thermomatic," which appellee sought to register and apply in the sale of gas conversion burners having automatic and thermostatic controls. Appellant's mark had been previously registered and used by it and its predecessor in interest since June 16, 1925, and applied throughout the nation and among other nations in the sale of goods of the same descriptive properties. Appellant relied on prior use of its mark since January 15, 1920, while appellee asserted use of its mark since January 17, 1946.

The Examiner of Interferences sustained appellant's opposition on the ground that appellee's mark was confusingly similar to that of appellant. On appeal, the Assistant Commissioner of Patents, acting for the commissioner, reversed the decision and held that when the contested marks are considered in their entireties, there is no such resemblance between them as to indicate any likelihood of confusion as to the origin of the goods when concurrently applied to those of the respective parties. From that decision this appeal was taken.

The proceedings in the Patent Office and the appeal here have been conducted under the provisions of the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1051 et seq. Before the tribunals of the Patent Office the respective parties each cited a group of prior adjudications as to the registrability of other contested marks. The examiner adopted those cited by the opposer in sustaining its position while the commissioner adopted the applicant's citations in reversing the examiner.

■ This court has repeatedly held that because of the difference of facts in various cited cases, such cases are without controlling value here, except as to the principles of trade-mark law enunciated or exemplified therein. On the latter basis, however, this and other federal courts have always had, and will continue to have, recourse to such citations.[1]

■ In an opposition proceeding under the act of 1905 the validity of an opposer's previously registered mark cannot be challenged.[2] Moreover, confusing similarity is by no means the sole ground upon which the registration of an applicant's mark may be rejected under section 5 of that act.

The Examiner of Interferences held on the record presented that the term "omatic," identical with both marks, was the predominant feature of the contested marks and the only one capable of indicating origin of the respective goods [3] which, concededly, are goods of the same descriptive properties: "On the record here presented, the opposer's mark 'Oil-O-Matic' must be deemed to be an arbitrary technical trademark, and as applied to oil burners, the word 'Oil' contained in the mark is obviously of little trade-mark significance, leaving the term 'O-Matic' as the only arbitrary feature thereof with the capacity for indicating origin. In the applicant's mark 'Thermomatic', as applied to heating devices the prefix portion 'Therm' thereof obviously is also descriptive and hence is incapable of indicating origin thereof, and moreover the term is just as applicable in connection with the opposer's devices as it is with those of the applicant, and the remaining portion of the applicant's mark is essentially identical with the corresponding portion of the mark of the opposer."

Appellee in addressing its appeal to the Commissioner of Patents assigned the finding of the examiner hereinbefore set forth as one of the reasons of appeal upon which the applicant relied. That contention was thus disposed of in the decision of the commissioner: "The initial portion of applicant's mark is highly suggestive, if not actually descriptive as applied to heating equipment. I cannot, therefore, find that the differences in the prefixes necessarily indicate that the marks, considered in their entireties, are lacking in similarity."

The following pertinent definitions are quoted from Webster's New International Dictionary, Second Edition, 1949:

"Therm. A combining form from Greek thereme, heat * * *."

"Thermo, therm. Comb. form, Greek thermo-, therm-, from thermē, denoting heat, * * *."

"Thermostat, n. 1. An automatic device for regulating temperature by opening or closing the damper of a heating furnace, regulating supply of gas, or the like; * * *."

"Thermostatic, adj. Of or pertaining to, or made or effected by, the thermostat."

■ Appellant moved without success for reconsideration of the commissioner's peculiar holding on the point in question. There is no escape from the conclusion, however, that the prefix of appellee's mark is merely descriptive of the merchandise within the purview of the statute.

In that connection appellant has cited and quoted here as pertinent and controlling the following excerpt from the

1. Estate of P. D. Beckwith, Inc., v. Commissioner of Patents, 252 U.S. 538, 545, 546, 40 S.Ct. 414, 64 L.Ed. 705; Williams Oil-O-Matic Heating Corp. v. Edward P. Bliss, Jr., 54 F.2d 430, 19 C.C.P.A., Patents, 821; Kelvinator Corp. v. Norge Corp., 94 F.2d 384, 25 C.C.P.A., Patents, 857; Syncromatic Air Conditioning Corp. v. Williams Oil-O-Matic Heating Corp., 109 F.2d 784, 27 C.C.P.A., Patents, 1010; Langendorf United Bakeries, Inc., v. General Foods Corp., 125 F.2d 159, 29 C.C.P.A., Patents, 831, 835.

2. E. Daltroff & Cie v. V. Vivaudou, Inc., 53 F.2d 536, 19 C.C.P.A., Patents, 715; Coty, Inc., v. Perfumes Habana, S. A., 190 F.2d 91, 38 C.C.P.A., Patents, 1180, 1185.

3. Frankfort Distilleries, Inc., v. Kasko Distillers Products Corporation, 111 F.2d 481, 27 C.C.P.A., Patents, 1189; American Brewing Company, Inc., v. Delatour Brewing Corporation, etc., 100 F.2d 253, 26 C.C.P.A., Patents, 778.

opinion of the late Judge Hatfield in the case of Bon Ami v. McKesson & Robbins, Inc., 93 F.2d 915, 916, 25 C.C.P.A., Patents, 826, 829: "If all that a newcomer in the field need do in order to avoid the charge of confusing similarity is to select a word descriptive of his goods and combine it with a word which is the dominant feature of a registered trade-mark so that the borrowed word becomes the dominant feature of his mark, the registered trade-mark, made valuable and outstanding by extensive advertising and use, soon becomes of little value, and, of course, each of the subsequent imitating trade-marks (and there would be many) is of value only to the extent that its users are trading on the good will of the owner of the original registered trade-mark."

Appellant's mark is of great value and others using the suffix thereof are required to eliminate by an appropriate prefix or otherwise deceptive simulation of appellant's mark as a whole. Here the prefix "Therm" or "Thermo" as applied to thermostatically controlled heating equipment can have no trade-mark significance because it is merely descriptive of the merchandise and just as applicable to the opposer's goods as it is to those of appellee.[4]

Appellee by the intermeshing of two descriptive words, both of which are on everybody's tongue in this highly automatic age, has come up with a mark or simulating device which describes two predominant attributes of the merchandise to which the marks of both of the parties are attached.

By dropping the consonants "st" from the third syllable of the word "thermostatic" and replacing them with the letter "m" appropriated from the third syllable of appellant's mark, appellee has immediately placed itself in the position to reap in no small measure the reward which appellant has developed over a generation not only by a vast expenditure for advertising but also by rendering an eminent service of the highest quality and dependability to the public everywhere. The substitution of such letters for one another is not a variation of sufficient significance to avoid the mandate of the statute.[5]

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.

JOHNSON and WORLEY, Judges, dissent.

---

4. In re Crucible Steel Co. of America, 185 F.2d 692, 38 C.C.P.A., Patents, 764.

5. See Burmel Handerchief Corp. v. Cluett, Peabody & Co., Inc., 127 F.2d 318, 29 C.C.P.A., Patents, 1024; Coshocton Glove Company v. Buckeye Glove Company, 90 F.2d 660, 664, 24 C.C.P.A., Patents, 1338, 1343. See also Celanese Corp. of America v. Vanity Fair Silk Mills, 47 F.2d 373, 18 C.C.P.A., Patents, 958; Guggenheim v. Cantrell & Cochrane, 56 App.D.C. 100, 10 F.2d 895; Stahly, Inc., v. M. H. Jacobs Co., 7 Cir., 183 F.2d 914, 917.