40 C.C.P.A. (Patents)

**EUREKA WILLIAMS CORP. v. KRES–KNO OIL BURNER MFG. CO., Inc.**

Patent Appeals No. 5916.

United States Court of Customs and Patent Appeals.

Feb. 6, 1953.

Rehearing Denied April 10, 1953.

E. J. Balluff, Detroit, Mich. (Francis D. Thomas and Wm. Wallace Cochran, Washington, D. C., of counsel), for appellant.

Herbert J. Jacobi, Washington, D. C., for appellee.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the Examiner-in-Chief, in an opposition proceeding brought under the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1052 et seq.

Appellee, Kres-Kno Oil Burner Manufacturing Company, Inc., hereinafter referred to as applicant, filed its application in the United States Patent Office for registration of the mark "Pow-R-Matic" for use on oil burners for domestic and industrial use, on April 14, 1947, claiming use of that mark since April 12, 1939, Appellant, Eureka Williams Corporation, hereinafter referred to as opposer, based

its opposition to said application on prior use of the trade-mark "Oil-O-Matic" for use on liquid fuel burning devices, automatic electrically controlled and operated fuel heating systems, including the electrically operated controls therefor, and domestic water heaters; and also on the registered mark "Air-O-Matic" for use on air conditioning systems, and heating, cooling, and dehumidifying units for air conditioning systems and parts thereof.

It is conceded that opposer is prior in use of its mark. The only testimony taken was on its behalf.

It appears that the sales of Oil-O-Matic oil burners are of an extensive nature in this country as well as in numerous foreign countries; that substantial sums of money have been and are being expended in advertising that product; and that the sales of opposer's Air-O-Matic products, at the time testimony was taken, have been made only in four states and the District of Columbia.

The Examiner of Interferences, in sustaining the opposition, stated "since the goods here involved manifestly are closely related, if not in part competitive, goods of the same descriptive properties, the only remaining statutory issue to be determined herein is whether or not the marks of the parties bear such near resemblance as to be likely, when applied to such goods, to cause confusion in trade," and held that the concurrent use of the marks would be reasonably likely to create confusion in trade.

In reaching that conclusion, the examiner relied on the case of Cross v. Williams Oil-O-Matic Heating Corporation, 48 F.2d 659, 18 C.C.P.A., Patents, 1192, where the marks "Coal-O-Matic" and "Oil-O-Matic" used on fuel burning devices, were held to be confusingly similar. He also took a similar view of two decisions of the Commissioner of Patents[1] in which the marks "Insta-Matic" and "Oil-O-Matic" and "Scald-O-Matic" and "Oil-O-Matic," used on goods of the same class, were held, respectively, to be confusingly similar. It was his be-

lief that the facts in those cases were sufficiently similar to the instant case as to be controlling.

Upon appeal, the Examiner-in-Chief reversed the decision of the Examiner of Interferences, basing such action on the authority of the decision of the Commissioner in the case of Eureka Williams Corporation v. Willoughby Machine and Tool Co., 636 O.G. 1092, 86 USPQ 170, where it was held that the marks "Thermomatic" and "Oil-O-Matic" were not confusingly similar. He also relied on the authority of this court's decisions in the cases of Williams Oil-O-Matic Heating Corp. v. Bliss, 54 F.2d 430, 19 C.C.P.A., Patents, 821, and Syncromatic Air Conditioning Corp. v. Williams Oil-O-Matic Heating Corp., 109 F.2d 784, 27 C.C.P.A., Patents, 1010. In those cases the marks "Thermatic" and "Oil-O-Matic" and "Syncromatic" and "Air-O-Matic," respectively, were held not to be confusingly similar.

It is to be noted, however, that the decision of the commissioner in the Willoughby case, supra, was in turn reversed by a divided opinion of this court. Eureka Williams Corporation v. Willoughby Machine and Tool Company, 194 F.2d 543, 544, 39 C.C.P.A., Patents, 832.

While in that case two members of this court disagreed with the conclusion of the majority that the mark "Thermomatic" was confusingly similar to the mark "Oil-O-Matic," there was no disagreement over the following language found in that opinion:

"This court has repeatedly held that because of the difference of facts in various cited cases, such cases are without controlling value here, except as to the principles of trade-mark law enunciated or exemplified therein. On the latter basis, however, this and other federal courts have always had, and will continue to have, recourse to such citations."

It is our belief that the facts in the several cases cited are not applicable to those found herein and, consequently, are not controlling.

1. Williams Oil-O-Matic Heating Corporation v. Geo. D. Roper Corporation, 17 U.S.Pat.Q. 177 and Eureka Williams Corporation v. Coan, 79 USPQ 354.

The only issue involved is whether the concurrent use of appellee's mark "Pow-R-Matic" and appellant's marks "Oil-O-Matic" and "Air-O-Matic" on the respective goods of the parties are likely to cause confusion within the purview of section 5 of the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1052, the pertinent portion of which reads:

> " * * * *Provided,* That trade marks which are identical with a registered or known trade mark owned and in use by another and appropriated to merchandise of the same descriptive properties, or which so nearly resemble a registered or known trade mark owned and in use by another and appropriated to merchandise of the same descriptive properties as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers shall not be registered: * *."

While it is true that the marks "Pow-R-Matic" and "Oil-O-Matic" are hyphenated, possess the same suffixes, contain the same number of syllables and, indeed, the same number of letters, it is our opinion that the prefixes are so different in spelling, in sound, in appearance, and in meaning that, when viewed in their entireties, as they must be viewed, the concurrent use of such marks would not be likely to cause confusion in trade or deception in the mind of the public as to the origin of the involved products.

We are also of the opinion the same conclusion should be reached relative to the marks "Pow-R-Matic" and "Air-O-Matic," especially in view of the fact that those marks are applied to goods which are not as closely related as are the goods to which the marks "Pow-R-Matic" and "Oil-O-Matic" are applied.

For the foregoing reasons the decision of the commissioner is hereby affirmed.

Affirmed.

O'CONNELL, Judge (dissenting).

The application to register "Pow-R-Matic" for appellee's use in the sale of automatically operated oil burners was filed and pending in the Patent Office prior to July 5, 1947. The opposition proceedings were contested there subsequent to that date and determined May 8, 1951, 89 USPQ 334. The appeal taken here was from that decision and the conclusion of the majority is clearly erroneous either under the standards of conduct prescribed by the Act of 1905 or the Lanham Act of 1946. 15 U.S.C.A. § 1052 et seq. Steele v. Bulova Watch Co., 344 U.S. 280, 287, 73 S.Ct. 252, Eureka Williams Corp. v. Willoughby Machine Tool Co., 194 F.2d 543, 39 C.C.P.A., Patents, 832; Safeway Stores v. Dunnell, 9 Cir., 172 F.2d 649; Miles Shoes, Inc., v. R. H. Macy & Co., Inc., 2 Cir., 199 F.2d 602; Junior Guild Frocks, Inc., v. Page & Dixon Drug Co. Inc., 79 USPQ 41.

Judge Hatfield in delivering the opinion here for a unanimous court in the recent "Kwixtart" trade-mark case for electric storage batteries observed that the test for descriptiveness under the Act of 1905 is the same prohibitory test provided for by the Act of 1946. Andrew J. McPartland, Inc., v. Montgomery Ward & Co., Inc., 164 F.2d 603, 35 C.C.P.A., Patents, 802, certiorari denied, 333 U.S. 875, 68 S.Ct. 904, 92 L.Ed. 1151. See also the progress report by Derenberg entitled "The Third Year of Administration of the Lanham Trade-Mark Act of 1946," 86 USPQ, No. 10, Part II, 1–24, at page 3.

Judge Hatfield in the concurring opinion of this court in the case of Bon Ami Co. v. McKesson & Robbins, Inc., 93 F.2d 915, 916, 25 C.C.P.A., Patents, 826, previously and sharply had admonished against the piracy of registered trade-marks made valuable and outstanding by extensive advertising and long continuous use:

> "If all that a newcomer in the field need do in order to avoid the charge of confusing similarity is to select a word descriptive of his goods and combine it with a word which is the dominant feature of a registered trade-mark so that the borrowed word becomes the dominant feature of his mark, the registered trade-mark, made valuable and outstanding by extensive advertising and use, soon becomes of little value, and, of course, each of the subsequent imitating trade-marks (and there would

be many) is of value only to the extent that its users are trading on the good will of the owner of the original registered trade-mark."

Substantial proof of the judicial wisdom of Judge Hatfield's observation and his prophetic vision in denying the applicant's registration in the cited case is found in these proceedings on appeal where it appears as a matter of record that within a period of less than one year, appellant has thrice sought to curb a band of newcomers from using an imitating trade-mark for the obvious purpose of trading on its good will and reputation. Eureka Williams Corp. v. Willoughby Machine & Tool Co., involving "Thermomatic" and "Oil-O-Matic," 194 F.2d 543, 39 C.C.P.A., Patents, 832; Eureka Williams Corp. v. McCorquodale, involving "Hotomatic" and "Oil-O-Matic," Appeal No. 5917, decided January 14, 1953,* and the case at bar.

Why the newcomers in those three cases, with the literature and the fanciful coinage of words of the whole world at their disposal, should have chosen a mark blatantly imitative of the mark long employed on a worldwide basis by appellant, instead of adopting some other distinctive means of its own to identify their goods, is hard to understand. The only basis for such action of course was the deliberate purpose to obtain a definite advantage from the high standing in the trade which appellant's products have developed and enjoyed for generations.

This is particularly true in the case at bar where appellee has appropriated the dominant features of appellant's marks, their hyphenated style, their form of capitalization, and their syllabication, thereby producing a device designed to trap the unwary and uninformed through the false suggestion of a connection with appellant's renowned enterprises and products.

Chief Judge Garrett, delivering the opinion for a unanimous court in Cross v. Williams Oil-O-Matic Heating Corp., 48 F.2d 659, 18 C.C.P.A., Patents, 1192, which sustained appellant's opposition on the ground that the newcomer's mark "Coal-O-Matic" was confusingly similar to the previously registered "Oil-O-Matic" held that in such a case "the issue is not whether oil and coal are of the same descriptive properties, but whether the devices that feed them into the furnace are."

The case at bar discloses that the word "Power" is descriptive not only of the dominant characteristic of appellant's device but also of all such devices owned by appellee and others which feed oil into a furnace. The term falls squarely within the prohibitory provisions of the statute as hereinbefore described in the excerpt from the opinion of Judge Hatfield. See also Standard Paint Co. v. Trinidad Asphalt Mfg. Co., 220 U.S. 446, 453, 31 S.Ct. 456, 55 L.Ed. 536.

The instant case is likewise on all fours with the principles laid down by the majority in Willoughby, supra, wherein Judges Johnson and Worley dissented without opinion. The decision in that case contains nothing not completely orthodox in accordance with established principles of trade-mark law, all of which were clearly· and effectively presented by eminent counsel. The court there defined the rule quoted and now approved by the majority here to the effect [194 F.2d 544]:

"This court has repeatedly held that because of the difference of facts in various cited cases, such cases are without controlling value here, *except as to the principles of trade-mark law enunciated or exemplified therein. On the latter basis, however, this and other federal courts have always had, and will continue to have, recourse to such citations.*" [Italics supplied.]

The validity of the great mass of accepted trade-mark law as disclosed in decisional authority is a priceless heritage. In that respect and in the absence of intervening precedent or enactment, the past is prologue. The rule hereinbefore quoted and italicized has been relied upon for generations by the bench and bar. For the former, the rule has served as a guiding light for the members of the judiciary in their deliberations; and for the members of the bar, the rule has served as a blue print upon which to rely in the advisory guidance of clients

* Opinion withdrawn. Subsequent opinion filed June 3, 1953.

and as the basis of their position before the court in the presentation of argument.

We have on occasions not infrequently held, however, that prior decisions of this and other courts in trade-mark litigation are of little value; and that decisions with respect to the question of the confusing similarity of trade-marks is largely a matter to be resolved on the personal opinion residing in and exercised by the judge or judges before whom the matter is submitted for decision. E. g. Kanmak Textiles, Inc., v. Carnac, Inc., 189 F.2d 1006, 38 C.C.P.A., Patents, 1148; United-Carr Fastener Corp. v. Capewell Mfg. Co., 189 F.2d 1000, 38 C.C.P.A., Patents, 1153.

In other words, we have apparently shifted our position in trade-mark litigation from time to time from a logical to a psychological basis, with the result that in one instance we have overruled the previous judgment of our court where the marks and goods in a subsequent suit were identical with those of a previous case; and in a series of other cases we have authorized the registration of identical marks because, as noted, the goods of the newcomer were not precisely the same as those upon which widely-advertised and long established marks had been previously used. See cases cited in my dissenting opinion in Eureka Williams Corp. v. McCorquodale, supra.

The Supreme Court "for want of jurisdiction" denies petitions for the writ of certiorari to review judgments of this court in matters relating to patents and trademarks. McBride v. Teeple, 311 U.S. 649, 61 S.Ct. 8, 85 L.Ed. 415. Compare Beckwith v. Commissioner of Patents, 252 U.S. 538, 40 S.Ct. 414, 64 L.Ed. 705 and Baldwin Co. v. R. S. Howard Co., 256 U.S. 35, 41 S.Ct. 405, 65 L.Ed. 816. Accordingly, there is no higher court to determine whether our procedure in these matters is right or wrong.

It is my opinion, however, that there is no justification whatever for authorizing the registration of the applicant's mark here in issue and thereby adding to the confusion already existing for the purchasing public with respect to the involved merchandise.