42 C.C.P.A.(Patents)

## BURROUGHS WELLCOME & CO. (U.S.A.) Inc.

### v.

## MEZGER PHARMACAL CO., Inc.
### Patent Appeal No. 6154.

United States Court of Customs
and Patent Appeals.
Dec. 8, 1955.

James M. Mason, New Haven, Conn., for appellant.

Joseph J. Juhass, New York City, for appellee.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY, COLE, and JACKSON, Associate Judges.

O'CONNELL, Acting Chief Judge.

This is an appeal from the decision of the Examiner-in-Chief of the United States Patent Office, 100 U.S.P.Q. 322, acting for the Commissioner of Patents, affirming the action of the Examiner of Interferences dismissing an opposition by appellant to appellee's application for registration of the word "Lipofax" as a trade-mark for "a medicinal preparation in tablet form, namely, a vitamin product indicated for use in the management of atherosclerosis and for hypotonia." The opposition was based on seven prior registrations owned by appellant, each involving a word ending in the syllable "fax."

The Examiner-in-Chief held that appellant's ownership of the marks relied

on by it did not give it such an interest in the syllable "fax" as would preclude the registration to others of any marks ending in that syllable. That holding, we think, was proper, since the letters "fax" not only appear as the final syllable of such common words as Fairfax and Halifax, but also, as shown by the record, form the final syllable of a number of trade-marks which have been registered to various companies for medicinal preparations. The appellant's case, therefore, must depend not upon any proprietary interest in the syllable "fax," but upon whether any one or more of the registrations relied on by it is of such a nature that its use on the goods specified concurrently with appellee's use of "Lipofax" on its goods would be likely to result in confusion in the trade. In determining that question, the marks must be considered individually rather than collectively.

The registration principally relied on here by the appellant is No. 439,113 for the word "Timofax" as a trade-mark for a "fungicidal preparation for external use only." The appellant points out that "Timofax" and "Lipofax" are both three syllable words having the final syllable "fax" and a middle letter "o" and each having "i" as the middle letter of its first syllable. However, each mark must be considered as a whole and, when so considered they are clearly distinguishable both in appearance and sound. While prior decisions may serve as general guides, the question of confusing similarity between any two particular marks must be determined in the final analysis largely on the basis of opinion. United-Carr Fastener Corp. v. Capewell Mfg. Co., 189 F.2d 1000, 38 C. C.P.A., Patents, 1153, and authorities there cited.

It is noted that "Lipofax," as indicated by the specimens included in appellee's application, is in the form of tablets which are "To be dispensed only by or on the prescription of a physician," while "Timofax" is a fungicidal preparation which is used externally only. In view of that difference in the goods to which the two marks are applied, and of the significant differences between the marks themselves, we are of the opinion that their concurrent use would not be likely to result in confusion.

The remaining registrations relied on by appellant are as follows: No. 399,607, "Borofax," for a borated ointment for external use; No. 399,608, "Sketofax," for an insectifuge to prevent the attacks of mosquitoes, gnats, sandflies, etc.; No. 399,610, "Tannafax," for a product used in the treatment of burns and scalds; No. 500,078, "Carofax," for an ointment used in the treatment of burns and scalds; No. 500,080, "Menthofax," for an ointment for the treatment of muscular pains, sprains and painful joints; and No. 440,859, "Lubafax," for a surgical lubricant.

The registrations just listed are not discussed individually in the appellant's brief. The one which most closely approaches the appellee's mark, "Lipofax," is "Lubafax." While those two marks have certain definite similarities, the goods to which they are applied, namely, medicinal tablets and a surgical lubricant, are quite different, and we agree with the Examiner-in-Chief that their use on the goods specified would not be likely to result in confusion.

The remainder of appellant's marks are not thought to require separate discussion. All of them are applied to preparations for external use, and none of them approximates the appellee's mark as closely as do "Timofax" and "Lubafax." We therefore agree with the Patent Office tribunals that such marks are not confusingly similar to "Lipofax."

The decision appealed from is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate.