44 C.C.P.A.(Patents).

**SLEEPMASTER PRODUCTS COMPANY, Inc., Appellant,**

v.

**AMERICAN AUTO-FELT CORPORATION, Appellee.**

**Patent Appeal No. 6228.**

United States Court of Customs and Patent Appeals.

Feb. 21, 1957.

Beekman Aitken, New York City (G. Cabell Busick, Washington, D. C., of counsel), for appellant.

Oscar W. Giese, Washington, D. C. (Peter P. Price, Grand Rapids, Mich., of counsel), for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Judges.

JOHNSON, Chief Judge.

This is an appeal in a cancellation proceeding from the decision of the Commissioner of Patents, 104 U.S.P.Q. 35, reversing the decision of the Examiner of Interferences and holding appellant's right to seek cancellation of appellee's registered trademarks "RestMaster," "DreamMaster" and "HealthMaster," applied to mattresses, to be barred by the equitable defense of laches.

■ Appellant originally, both before the Examiner of Interferences and the Commissioner, asserted rights in and relied on at least four trademarks in which it alleged ownership for purposes of this proceeding.

Appellant, however, in its reasons of appeal, asserts priority of use with respect to only two of these marks, "Sleepmaster" and "Restmaster." We will restrict ourselves, accordingly, to a consideration only of these two of the various marks of which appellant claims ownership.

■ The Commissioner concluded, on the basis of numerous labels, invoices, and other documentary evidence introduced on behalf of appellant, that "Restmaster" was used by appellant and its predecessor in title as a grade mark rather than as a trademark; that the earliest use of said mark which was proved by appellant was sometime in 1939, a use subsequent to that proved by appellee. Appellant, in the praecipe for transcript of record, failed to request inclusion in the certified copy of the transcript of record to this court of the numerous documentary exhibits on the basis of which the conclusions with respect to the "Restmaster" mark were reached by the Commissioner. In the absence of an opportunity to examine these exhibits, we have no recourse but to allow the Commissioner's decision with respect to this mark to stand and, therefore, will exclude said mark from further consideration.

The facts with respect to "Sleepmaster" are clear.

Appellant is the owner of Registration No. 409,026, issued September 12, 1944 under the provisions of the Trade Mark Act of 1905,* for the trademark "Sleepmaster," which mark is used in conjunction with mattresses, studio couches, etc. Appellant claims also to be owner by assignment from its predecessors in title of Registration No. 327,895, issued September 10, 1935, for the mark "Sleepmaster," used in conjunction with the same products. Both registrations include assertions of continuous use of the mark dating from January 6, 1934. The Commissioner was of the opinion that, due to the absence from the Patent Office assignment records of certain assignments of the earlier "Sleepmaster" mark, which assignments were deemed essential to a valid transfer of title to said mark, appellant could not rely on said earlier registration. Appellant was nevertheless accorded by the Commissioner, on the basis of the proof adduced, continuous use of this mark to identify petitioner's and its predecessor's products since at least 1935. Appellee, in fact, concedes such early use by appellant in its brief.

Appellee is the owner of Registration Nos. 338,544, issued September 8, 1936; 342,698, issued January 26, 1937; and 347,899, issued July 13, 1937; all under the provisions of the Trade Mark Act of 1905, for "HealthMaster," "DreamMaster" and "RestMaster," respectively, applied to mattresses. Each of these registrations recites continuous use since March 13, 1936. The Commissioner accorded appellee, on the basis of the evidence produced, a date of continuous use from some time in 1936, which date is not contested by appellant.

Thus, there is no question that, as between appellant's "Sleepmaster" and appellee's "HealthMaster," "DreamMaster" and "RestMaster," appellant has priority of use.

Appellant, deeming itself injured by appellee's registered marks, filed a petition for cancellation thereof on October 17, 1950, approximately fourteen years subsequent to the registration dates of appellee's three marks.

Appellee contended before the Commissioner, as it does before this court, that the marks involved are not confusingly similar but that, even assuming that they are, appellant is barred by the equitable doctrine of laches. Appellee further asserts that, though appellant has priority of use in the United States of its mark over that of appellee, it does not have such priority as to preclude appellee from asserting its right to registration of its three marks, citing the decisions of the Supreme Court in Hanover Star Milling Co. v. Metcalf, 1915, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713, and United Drug Co. v. Theodore Rectanus Co., 1918, 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141.

Appellant, in response to appellee's defense of laches, claims that appellee, through its officers, is guilty of fraud in connection with its marks and that therefore the defense of laches cannot be asserted against it.

The Commissioner was of the opinion that appellee's marks were not confusingly similar to that of appellant. Though with such a finding, it was not necessary to consider the question of laches, the Commissioner nevertheless felt constrained to consider said question, again holding for appellee. From this decision appellant brings this appeal.

At this juncture, it is necessary to consider the question as to whether or not appellee's marks are confusingly similar to that of appellant, for if, in fact, they are not, it will be unnecessary to consider the other questions raised in this cancellation proceeding.

It is well settled that the test applied to determine whether or not two or more trademarks are confusingly similar is the likelihood of confusion in the mind of the purchasing public as to the origin of the goods. In re Myers, 201 F.2d 379, 40 C.C.P.A., Patents 747. This

---

* Now 15 U.S.C.A. § 1051 et seq.

is a subjective test. Therefore, prior decisions are of little value since each case must be decided on its own particular set of facts. L. J. Mueller Furnace Co. v. United Conditioning Corp., 222 F.2d 755, 42 C.C.P.A., Patents 932.

However, various rules have been developed for the purpose of aiding in the determination of the question of confusing similarity. Though it is well settled that marks should be considered in their entireties and not dissected, it is equally well established that this rule does not bar separate consideration of different features of the marks in determining the importance to be attached thereto. Weco Products Co. v. Milton Ray Co., 143 F.2d 985, 31 C.C.P.A., Patents, 1214. Consideration must be given to similarities and dissimilarities of the marks. Younghusband v. Kurlash Co., Inc., 94 F.2d 230, 25 C.C.P.A., Patents 886. Difference in meaning of the marks is not controlling, although it is not to be ignored. In re American Fork & Hoe Co., 146 F.2d 510, 32 C.C.P.A., Patents, 771.

Other factors to be considered are the sound of the marks, Eureka Williams Corp. v. Kres-Kno Oil Burner Mfg. Co., Inc., 202 F.2d 763, 40 C.C.P.A., Patents 851, as well as the price of the goods (the "discriminating purchaser" theory), L. J. Mueller Furnace Co. v. United Conditioning Corp., supra.

Furthermore, it must be noted that in a cancellation proceeding, as distinguished from an ex parte proceeding, where long established, valuable rights are involved, cancellation must be granted with due caution and only after a most careful study of all the facts. In re Myers, supra.

In the instant proceeding, the competition is between "Sleepmaster" on the one hand and "RestMaster," "DreamMaster" and "HealthMaster" on the other.

It is to be noted that the suffix of each of the marks is "Master." This similarity alone, however, is not determinative of the issue of confusing similarity. Kitchen-Quip, Inc., v. Sunbeam Corp., 222 F.2d 265, 42 C.C.P.A. Patents 869. It is also true that the prefixes "Sleep," "Dream" and "Rest" are each suggestive, as applied to the goods in question, of a common image—sleeping. We take notice as well of the fact that the goods to which the marks are attached are sold through similar channels to the same class of purchasers.

Despite these similarities, however, we are of the opinion that each of appellee's marks is not confusingly similar to that of appellant.

Not only are the marks, when considered in their entireties, phonetically distinct, but they are visually distinct as well. Particularly compelling is the fact that the goods to which each of the marks is applied are, we feel, of such a nature that they would be purchased only after a reasonably prudent investigation had been conducted by the purchaser. We are aware of the fact that mattresses are not, monetarily speaking, in the class of the air-conditioning units of the L. J. Mueller Furnace Co. v. United Conditioning Corp. case, supra, in which the "discriminating purchaser" theory was applied. We are convinced, however that high price alone is not the determinant, though we are of the opinion that the price of the goods in question in the instant case is sufficiently high to bring them within the purview of the reasoning of the Mueller case. It is well known that a mattress is not the type of article that is frequently purchased by a given individual. A single purchase of a mattress may, and usually does, suffice for a great period of time. Sleep, to most, is an important enough facet of the daily routine to preclude the possibility of indiscriminate purchases of such an item. In view of these considerations we are of the opinion that the average purchaser will exercise such care in the selection of a mattress as to minimize the possibility of confusion as to the origin of the goods.

The latter consideration, in conjunction with the dissimilarities of the marks, leads us to conclude that there is no like-

lihood of confusion as to the origin of the goods to which the marks are affixed.

In view of our decision as to the question of confusing similarity, it is unnecessary to consider the numerous other questions raised in this appeal.

The decision of the Commissioner is accordingly affirmed.

Affirmed.

JACKSON, J., Retired, recalled to participate in place of COLE, J.

WORLEY, J., concurs in the conclusion