40 C.C.P.A.(Patents)

### BROWN & BIGELOW v. EUGENE DIETZGEN CO.

#### Patent Appeal No. 5960.

United States Court of Customs and Patent Appeals.
April 15, 1953.

Almon S. Nelson, Washington, D. C., for appellant.

Spencer, Johnston, Cook & Root, Junius F. Cook, Jr. and Lloyd C. Root, Chicago, Ill., for appellee.

Before GARRETT, Chief Judge, and O'-CONNELL, JOHNSON, WORLEY and COLE, Judges.

GARRETT, Chief Judge.

This is an appeal from the decision of the Assistant Commissioner, 92 U.S.P.Q. 228, acting for the Commissioner, reversing the decision of an Examiner of Trade-Mark Interferences in a trade-mark opposition proceeding.

The application of appellee is for the registration on the principal register established by the Trade-Mark Act of July 5, 1946, 15 U.S.C.A. § 1051 et seq. (hereinafter referred to as the Lanham Act) of "Redirule" as a trade-mark for slide rules. The application, serial No. 531,452, was filed in the Patent Office August 15, 1947. First use of the word as a trade-mark was alleged to have been "on or about July 29, 1944." There is, therefore, no claim by appellee that section 2(f) of the Lanham Act is applicable here.

Appellant's notice of opposition was filed October 3, 1949. Therein, appellant pleaded ownership of several registered marks for different products having "Redi" as a prefix. Five of such registrations bear filing dates subsequent to the filing date of the application of appellee, and in no one of the five is there an allegation of use on the product named therein earlier than July 29, 1944, the date alleged by appellee of first use of its notation. In each of the five, the statement is made that appellant owned the two earlier registrations pleaded, but that does not render the five pertinent as a basis of opposition.

The first of the two registrations of appellant, which antedate the application of and date of first use by appellee, was that of "Redipoint," Registration No. 144,356. It was registered July 5, 1921 under the Act of February 20, 1905, as a trade-mark for "magazine-pencils," upon an application, serial No. 116,831, filed March 24, 1919, in which first use was alleged "on or about November 1, 1917." It was renewed to appellant, which is a corporation of Minnesota, July 5, 1941, and was republished by it under the Lanham Act February 24, 1948.

The second early registration of appellant was that of "Redilite," Registration No. 266,667. It was registered January

766

28, 1930, under the February 20, 1905 Act, as a trade-mark for "Pyrophoric Cigar Lighters" upon an application, serial No. 283,713, filed May 9, 1929, use being alleged "since April 1, 1929." It was republished under the Lanham Act February 24, 1948, and renewed January 28, 1950.

From the foregoing statement of facts it is apparent that at an early date appellant selected as trade-marks for certain articles of merchandise words having a misspelled, or phonetically spelled, prefix meaning "ready," which must have been intended to be descriptive of the articles whose character was indicated by the suffix. Thus, "Redipoint" applied to pencils obviously means pencils having a point ready for use, and "Redilite" ("lite" being a phonetic spelling, or a misspelling, of "light") which, when applied to a pyrophoric cigar lighter, means a device ready for use in spontaneously igniting a cigar.

The validity of appellant's registrations is not in question here, but we do not think they are entitled to establish a monopoly upon the use of "Redi" as a prefix and thereby prevent others from using it in a trade-mark otherwise registrable upon goods differing in character from the goods of appellant and, certainly, we are unable to discern any similarity in appearance or use between pencil points and cigar lighters on the one hand and slide rules on the other. The fact that slide rules may be used as guides in drawing lines with pencils is not, in our opinion, an association which creates a resemblance such as the Lanham Act contemplates, nor does the fact that the goods of the respective parties may be sold in the same stores have any particular relevance upon the question of resemblance.

"Redi" is not a coined term having an arbitrary meaning peculiar to appellant's products.

The phraseology of the Lanham Act here pertinent reads:

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal reg-ister on account of its nature unless it—

\* \* \* \* \* \*

"(d) Consists of or comprises a mark which so resembles a mark registered in the Patent Office \* \* \*, as to be likely, when applied to the goods of the applicant, to cause confusion or mistake or to deceive purchasers. \* \* \*."

The "confusion" or "mistake" or "deception" so referred to, of course, has reference to origin.

In our opinion, "Redirule" does not so resemble either "Redipoint" or "Redilite" as to cause confusion, or mistake, or to deceive purchasers who possess ordinary intelligence, with respect to origin, when applied to the applicant's (appellee here) slide rules.

The decision of the Assistant Commissioner is affirmed.

Affirmed.

O'CONNELL, J., dissents.