44 C.C.P.A. (Patents).

**LAURITZEN & COMPANY, Inc.,**
Appellant,

v.

**The BORDEN COMPANY, Appellee.**

Patent Appeal No. 6234.

United States Court of Customs
and Patent Appeals.
Nov. 30, 1956.

Edwin S. Booth, Chicago, Ill. (Geo. B. Newitt, Chicago, Ill., of counsel), for appellant.

J. Spencer Daly, New York City, for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Assistant Commissioner, acting for the Commissioner of Patents, 99 U.S.P.Q. 216, reversing the decision of the Examiner of Interferences and sustaining a notice of opposition filed by appellee, The Borden Company, against an application by appellant, Lauritzen & Company, Inc., for registration of the trademark "Fortilac" as applied to "a food product in powder form containing milk serums and vegetable extracts and used in commercial baking, said food product being packaged and sold in drums."

The notice of opposition was based upon prior registrations of the trademarks "Protolac," No. 145,077, for a casein food product; "Breadlac," No. 157,714, for powdered milk; "Starlac," No. 181,001, for powdered skimmed milk; "Parlac," No. 171,105, for whole-milk powder; "Akrelac," No. 205,191, for a powdered milk product made from a combination of skimmed milk and cream soured with a pure lactic culture; and "Biolac," Nos. 348,312 and 348,662, for milk food for infants.

No testimony was taken by either party and it is conceded that appellee's use of the registered marks above referred to predates appellant's use of the mark sought to be registered. The only issue, therefore, is that of confusing similarity of the marks.

■ It is contended by appellee that its registered marks constitute a family of marks ending in "lac," and that the public would assume that any new mark ending in that suffix emanated from appellee. That contention was rejected by the Examiner of Interferences on the ground that "lac" is the Latin word for milk, and that all the marks involved are applied to milk products; and by the Assistant Commissioner on the ground there was no evidence of record to show recognition of those marks as a family. Also, in that connection, appellant made of record five other registrations showing the common use of "lac" as a trademark suffix. Under such circumstances, the holdings that appellee had not established ownership of a family of marks were clearly correct. Burroughs Wellcome & Co. (U.S.A.) Inc., v. Mezger Pharmacal Co., Inc., 228 F.2d 243, 43 C.C.P.A., Patents, 703.

In view of the foregoing, appellee's prior registrations must be considered individually. The Examiner of Interferences held that, as so considered, none of them was confusingly similar to appellant's mark. Upon review, however, the Assistant Commissioner held appellee's mark "Protolac" to be confusingly similar to "Fortilac" and, accordingly, reversed the decision of the Examiner of Interferences in that particular respect. While we have given full consideration to all the marks introduced, it is evident that "Protolac" is the most pertinent and it is, therefore, unnecessary to discuss the others.

■ Appellant contends that the product to which its mark "Fortilac" is applied is used in commercial baking and packaged in drums and differs substantially from the product to which "Protolac" is applied which, as shown by the specimen submitted with the notice of opposition, is a dietary supplement sold in relatively small packages. The Assistant Commissioner held that the statement that appellant's product was packaged in drums is mere surplusage, "since if a trademark indicates origin of a product, it indicates origin no matter how packaged." The quoted statement is, of course, correct, but the fact that appellant's product is normally sold to and used by commercial bakers, while appellee's product is sold by stores in small packages to individuals, is one

which may properly be considered in determining whether confusion in trade would be likely to result from concurrent use of the marks under consideration. Specific differences in goods as well as in marks are factors to be considered in deciding whether or not confusion is likely. In re Myers, etc., 201 F.2d 379, 40 C.C.P.A., Patents, 747; Princess Pat Ltd. v. Tursi, 230 F.2d 440, 43 C.C.P.A., Patents, 795.

■■ It is well settled that in deciding the question of similarity between trademarks the marks are not to be dissected, but considered in their entireties. Chatham Pharmaceuticals, Inc., v. Reserve Research Co., 159 F.2d 869, 34 C.C.P.A., Patents, 886; Apollo Shirt Co. v. Enro Shirt Company, Inc., 165 F.2d 469, 35 C.C.P.A., Patents, 849. It has been repeatedly held, however, that trademarks will not ordinarily be found to be confusingly similar on the basis of a word or syllable included in each of them which is of a descriptive nature. West Disinfecting Company v. Lan-O-Sheen Company, 163 F.2d 566, 35 C.C.P.A., Patents, 706; Nestle's Milk Products, Inc., v. Baker Importing Company, Inc., 182 F.2d 193, 37 C.C.P.A., Patents, 1066; Alumatone Corporation v. Vita-Var Corporation, 183 F.2d 612, 37 C.C.P.A., Patents, 1151, and cases there cited.

In the instant case, the syllable "lac," which is common to the two trademarks under consideration, has a somewhat descriptive connotation as applied to milk products, and has been commonly used as a portion of trademarks for such products. Accordingly, it should be given little weight in determining whether those marks are confusingly similar.

■ While the instant marks, when viewed as a whole, have some resemblance in minor respects, their dissimilarities far outweigh their similarities. In our opinion, they do not look alike or sound alike, nor do they have any similarity in meaning. Moreover, the goods of appellant are purchased in relatively large quantities by bakers who, we think, could well be classed as discriminating purchasers; likewise, the same could well

be said of those who buy appellee's products.

It is our conclusion, therefore, that concurrent use of the marks on the respective goods of the parties would not be likely to result in confusion to the general public.

Accordingly, it becomes necessary to reverse the decision of the Assistant Commissioner.

Reversed.

JACKSON, Judge, retired, recalled to participate in place of COLE, Judge.