45 C.C.P.A.(Patents).

**MEYER CHEMICAL COMPANY,**
Appellant,

v.

**ANAHIST CO., Inc.** (Warner-Lambert Pharmaceutical Company, Assignee, substituted), Appellee.

Patent Appeal No. 6415.

United States Court of Customs and Patent Appeals.

Feb. 18, 1958.

Margaret W. Laurence and Dean Laurence, Washington, D. C., for appellant.

Albert H. Graddis, Morris Plains, N. J., for appellee.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, and RICH, Judges.

RICH, Judge.

In this appeal by the applicant from the Commissioner's decision (114 U.S.P. Q. 354) in a trademark opposition appellee has moved, pursuant to Rule 13 of this court, 35 U.S.C.Appendix, to correct diminution of the record.

It appears from the affidavit of appellee's attorney in support of the motion that appellant has omitted from the transcript of the Patent Office record filed in this court substantial parts of the testimony of three witnesses and two exhibits, which appellee desires to have certified to us by the Patent Office for inclusion in the record on appeal. It is made to appear that of 16 pages of the testimony of one witness only 3 have been included by appellant; only 1 out of 11 pages of the testimony of a second witness; and only 1 out of 6 pages of the testimony of a third. Appellee asserts that the omitted matter is material and necessary to the fair trial of this appeal on the merits and that the matter included is out of context and thereby misleading in its import.

Appellant, who omitted the foregoing evidence in having the record prepared, opposes the motion except as to 3 pages of testimony, asserting as to the various

other items (a total of about 25 pages and two exhibits) that the testimony is either not necessary or irrelevant. We can see that if we are to give proper consideration to the issues on appeal it may be necessary for us to pass on these assertions of irrelevancy or lack of necessity and this we cannot do unless the evidence is before us. Furthermore, we have serious doubts that much of the omitted testimony is truly irrelevant.

■ Section 21 of the Trademark Act of 1946, 15 U.S.C.A. § 1071, makes the conditions, rules and procedure prescribed for patent appeals applicable. 35 U.S.C. § 144 says that we shall determine appeals "on the evidence produced before the Patent Office." 35 U.S.C. § 143 provides that:

"The Commissioner shall transmit to the court certified copies of all the necessary original papers and evidence in the case specified by the appellant *and any additional papers and evidence specified by the appellee * * *.*" (Emphasis ours.)

The duty is on the appellant in the first instance to file in this court with its petition of appeal what our Rule 25 refers to as "a certified ·copy *of the record* in the proceeding." Part (3) of said rule provides for the omission of certain formal headings and the like *by the Patent Office,* in making up the transcript, and in paragraph (e) says, in part:

"Further to reduce the costs of appeals, it shall be permissible for counsel for the respective parties * * * to agree upon a statement of the facts of the case, setting forth the questions raised on appeal and *so much only of the evidence as may be necessary to a decision of such question.*" (Emphasis added.)

This is not authority, however, for the *ex parte* omission by appellant of parts of the record, for the purpose of reducing costs or otherwise, on the mere belief that they are unnecessary or irrelevant. If appellant omits anything, the appellee has the right to move that it be included. In doing so, an appeal having been taken, appellee is subject to the rules of this court and must comply with Rule 13, entitled "Diminution of record." This rule requires the making of a motion in writing and a showing by affidavit (1) of the facts on which the motion is founded, (2) that "the omitted matter is material and necessary to the fair trial of the case on its merits and (3) that the suggestion [i.e. request for addition] is not made for delay * * *." Appellee has complied with the rule and is therefore entitled to the addition. The shortening of records and the reduction of what must be printed is highly desirable and is perhaps best effected by agreement of counsel. Issues often drop out of a case by the time it reaches this court on which testimony has been taken which need not be considered and can beneficially be omitted. On the other hand it is not for one party to say that testimony shall be left out because *he thinks* it is irrelevant or because he does not contest what it proves. It is reason enough to include it that the other party asserts that it is relevant. Otherwise the appellant could expurgate the record to suit his strategy. For example, this is an opposition to the registration of "Almehist" by the admitted owner of the mark "Anahist." Appellant's stated objections to the additions requested indicate that it is omitting appellee's testimony relating to "Super-Anahist" on the theory it is irrelevant. Without prejudging that evidentiary point, it is clear that if this testimony were deleted we would be considering the issue before the Patent Office on a record quite different from the record before it, yet we are to determine the appeal on the evidence produced before the Patent Office.

Rule 13, however, contains this further provision:

"The costs for printing such additional matter when inserted upon motion of appellee, may, in the discretion of the court, be assessed on final decision."

In answer to appellant's arguments that we need not consider the omitted testimony to decide the issues, we note that

Rule 13 leaves open to it the right to try to establish the truth of that contention to our satisfaction with a consequent possible assessment of the cost of printing the added matter against the appellee.

Appellee's motion to correct diminution of the record is granted, the cost of printing appellee's additions to be assessed on final decision.