46 C.C.P.A.

**MEYER CHEMICAL COMPANY,**
Appellant,

v.

**ANAHIST CO., Inc., (Warner–Lambert Pharmaceutical Company, Assignee, Substituted), Appellee.**

**Patent Appeal No. 6415.**

United States Court of Customs and Patent Appeals.

Feb. 5, 1959.

See also 45 C.C.P.A. 780, 252 F. 2d 300.

Laurence & Laurence, Washington, D. C. (Margaret Laurence and Dean Laurence, Washington, D. C., of counsel), for appellant.

Albert H. Graddis, Morris Plains, N. J., for appellee.

Before WORLEY, Acting Chief Judge, and RICH and MARTIN, Judges.

RICH, Judge.

This appeal is from the decision of the Commissioner of Patents, acting through the Assistant Commissioner, affirming the decision of the Examiner of Interferences sustaining an opposition by appellee, Anahist Co., Inc., to an application by appellant, Meyer Chemical Company, to register "Almehist" as a trademark for a "Preparation for Relief of Allergic Conditions in Capsule Form." The opposition was based on appellee's ownership and use of "Anahist" registered as a trademark for a "Preparation for Symptomatic Relief of Colds and Allergies," registration No. 576,575, granted June 30, 1953, on an application filed October 4, 1949. Appellant's application to register "Almehist" was filed May 24, 1952, and January 2, 1952, is alleged as the date of first use in commerce.

It is conceded that opposer was using "Anahist" before appellant adopted "Almehist." The sole issue is likelihood of confusion or mistake under section 2(d) of the Lanham Act (Trademark Act of 1946), 15 U.S.C.A. § 1052(d).

The record shows that appellee has used "Anahist" since 1949 as a trademark on an antihistaminic preparation which is sold over the counter in various forms for the symptomatic relief of allergic conditions, and has used "Super Anahist" since 1953 on a similar but modified preparation. More than nineteen million dollars worth of these preparations have been sold and more than seven and one-half million dollars have been spent in advertising them.

Appellant's preparation, "Almehist" is also an antihistaminic preparation used for the relief of allergic conditions but, due to the presence of certain ingredients, it can presently be sold only on a physician's prescription.

The similarity between "Anahist" and "Almehist" is apparent. They begin with the same letter, have the same number of syllables and the same final syllable, are of approximately the same length and have a general similarity of sound. On casual inspection or as the result of indistinct pronunciation, or if time elapses between seeing or hearing them, either might readily be mistaken for the other.

■■■ Appellant contends, however, that the public is unlikely to be confused, noting that "Alme" is made up of the first two letters of the first name and surname of Alfonse Meyer, appellant's president and founder, and that appellant markets eighteen products under marks containing those letters, many of which are registered. It is argued that "Alme" has a definite association in the minds of purchasers with appellant which would lessen the chance of public confusion. This argument must fail because the evidence does not establish that the public does in fact associate "Alme" marks only with appellant. How the mark came to be adopted is not material to the issue.

■■■ Appellant further points out that the syllable "hist," which is common to the marks here involved, is not arbitrary as applied to medicinal preparations as indicated by its obvious relation to the medical term "antihistamine" and as evidenced by the fact that it forms a part of each of a large number of trademarks registered for such preparations. While this is a factor to be considered, it is the well settled rule that in deciding the question of confusing similarity of trademarks the marks are not to be dissected, but must be looked at in their entireties. Lauritzen & Co. v. Borden Co., 239 F.2d 405, 44 C.C.P.A. 720. In our opinion the instant marks, so considered, are likely to cause confusion or mistake when used on the same class of products.

■■■ Appellant also strenuously urges that since its goods are sold only on prescription, while those of appellee are sold over the counter, the danger of confusion of the purchasing public would not be present. However, as pointed out by the Assistant Commissioner, there is nothing in appellant's application which limits the use of "Almehist" to prescription preparations, though the label specimens submitted with the application show that the marketing of the product is now being so limited. The nature of goods specified in the application is not limited by specimen labels. Such labels are subject to change without notice to the Patent Office. Either a change in the composition of the product or in prescription standards could, moreover, free "Almehist" for over the counter sales while its description would still be a "Preparation for Relief of Allergic Conditions in Capsule Form." We hold that under these circumstances the present differences in marketing methods do not form a proper basis for finding lack of likelihood of confusion or mistake when the respective trademarks are used on the goods enumerated.

Portions of the record omitted by appellant were added on motion of appellee. See 252 F.2d 300, 45 C.C.P.A. 780. The assessment of the cost of printing

the added matter was reserved at the time of the granting of the motion and it is now assessed against appellant.

The decision of the Assistant Commissioner is affirmed.

Affirmed.