46 C.C.P.A. (Patents)

**SEARS, ROEBUCK AND CO., Appellant,**

v.

**Goldie HAYMER, doing business under the trade name and trade style of Goldie Haymer Manufacturing Company, Appellee.**

**Patent Appeal No. 6412.**

United States Court of Customs and Patent Appeals.

Feb. 5, 1959.

Frank H. Marks, Chicago, Ill. (Ivan P. Tashof, New York City, of counsel), for appellant.

Daniel H. Bobis, Harrison, N. J. (Albert W. Rinehart, Washington, D. C., of counsel), for appellee.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON (retired), JJ.

WORLEY, Acting Chief Judge.

This is an appeal from the decision of the Commissioner of Patents, acting through the Assistant Commissioner, affirming the decision of the Examiner of Interferences dismissing an opposition by appellant to an application of appellee for registration of "Glo-Ray" as a trademark for hairdressing containing lanolin as an ingredient. The opposition was based on appellant's ownership and use of "Glow" as a trademark for shampoos.

The case was submitted on stipulated evidence which shows that appellant began use of its mark in 1938. Appellee's use of "Glo-Ray" began in 1953, thus there is no question of priority. The sole issue is whether "Glow" as applied to shampoo is confusingly similar to "Glo-Ray" as applied to hairdressing.

Both the examiner and the Assistant Commissioner found that the differences between the marks were sufficient to avoid any likelihood of confusion when used on the goods of the respective parties.

Appellant contends that the syllable "Glo" is merely a phonetic spelling of "Glow." However, while the hyphenation of appellee's mark sets "Glo" apart and probably gives a suggestion of glowing, we agree with the Assistant Commissioner that the primary impression created by the mark as a whole is that of glory, or a shining ray.

Moreover, the word "Glow" as associated with preparations designed to be applied to the hair does not appear to be arbitrary, but rather suggests that a desirable result will be obtained when used. Under such circumstances words of that nature are given less weight than more arbitrary words in determining confusing similarity, and the registrant can hardly expect the same protection accorded a stronger mark. Lauritzen & Co., Inc. v. Borden Co., 44 C.C.P.A. 720, 239 F.2d 405, and cases there cited.

We have given full consideration to the contentions advanced by appellant but we do not see such a similarity in sound, appearance, or meaning of the marks as to result in any likelihood of confusion in the minds of the purchasing public.

The decision appealed from is affirmed.

Affirmed.