48 CCPA

**SERVO CORPORATION OF AMERICA,**
Appellant,

v.

**SERVO–TEK PRODUCTS CO., Inc.** (Electro-Devices, Inc., Assignee, Substituted), **Appellee.**

**Patent Appeal No. 6651.**

United States Court of Customs and Patent Appeals.

May 5, 1961.

Roy C. Hopgood and John M. Calimafde, New York City, for appellant.

Fisher & Christen, Martin T. Fisher, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRK-PATRICK.*

WORLEY, Chief Judge.

This appeal is from a decision of the Trademark Trial and Appeal Board dismissing an opposition by appellant, Servo Corporation of America, to an application of appellee, Servo-Tek Products Co., Inc., to register "Servospeed" for "Electronic Motor Speed Control Systems."

Opposition is based on appellant's prior use and registration of "Servo" as a trademark for "Electrical Connectors," [1] and "Servo" in conjunction with a design for

"Control Equipment, Measuring Instruments and Testing Devices— Namely, Analyzing and Testing Apparatus For Servo Mechanisms; Bolometers; Oscilloscope Indicators, Automatic Piloting Equipment, Including Homing Devices and Associated Sensing and Measuring Elements For Guidance Of Aircraft; Radio Direction Finders;" [2]

for "Control-Actuating Servomechanisms: Electronic Amplifiers And Power Supplies;" [3] and as a service mark for

"Engineering and Consulting Services Rendered To Others On A Contract Basis—Namely, Conducting

---

*United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28 U.S.C.

1. Reg. No. 338,806 issued September 15, 1936.

2. Reg. No. 642,322 issued March 5, 1957.

3. Reg. No. 647,377 issued June 25, 1957.

Surveys, Design Studies, and Research Related To Electronics, Servomechanisms, and Computers." [4]

All, except the first, are registered under Section 2(f) of the Lanham Act. Appellant has also incorporated "Servo" as a prefix in an alleged family of trademarks which include "Servoscope," [5] "Servosync," [6] "Servoflight," [7] "Servotherm," [8] and "Servoboard," [9] all for various types of servomechanisms [10] or devices used in connection with servomechanisms.

Since appellant is the prior user and the goods of the parties are of a similar nature, the only issue is whether concurrent use of the marks would result in a likelihood of confusion within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

The board found, as conceded by opposer, that Servo is a term commonly used and recognized in the field to which the goods of both parties relate as an abbreviation of the word "servomechanism," and that fact, together with the technical nature of the goods, precluded a likelihood of purchaser confusion.

The record shows that appellant has been engaged in the general electronic controls business since 1946, supplying goods and services to industry and government in the fields of automatic control devices and complex control systems, and that it is the exclusive owner of all registered trademarks which contain the term "Servo," including the term itself.

Appellant contends that, as a result of its long and exclusive use of "Servo" together with its registration and use of numerous other marks all containing the prefix "Servo," it has acquired a vested and proprietary right in and to that mark; in short, that it has established a legal family of trademarks, each with the prefix "Servo," which, when used on its products, stimulates an impression of common origin, and that use by appellee of a mark having the same prefix would be likely to result in purchaser confusion.

We are unable to agree that appellant's use of "Servo," either in its corporate name or its various marks, gives it proprietary rights to that term when used in connection with servomechanisms. In that regard, appellee has introduced numerous patents, books, publications, and advertisements, all of which show that "servo" is a widely used term in industry and is commonly accepted as meaning servomotor or servomechanism. Under such circumstances it seems clear that appellant cannot establish any exclusive proprietary interest in "Servo." Burroughs Wellcome and Co. (U.S.A.) Inc. v. Mezger Pharmacal Co., Inc., 228 F.2d 243, 43 CCPA 703; Lauritzen and Co., Inc. v. The Borden Co., 44 CCPA 720, 239 F.2d 405.

Obviously the only similarity in the instant marks is in the prefix "Servo". Appellant urges that, even in the absence of a legal family of trademarks, "Servo" is the dominant feature of the marks and would indicate common origin to purchasers when the marks are used on similar products. However, it is well settled that descriptive words will not be accorded as great weight in determining the similarity of marks as arbitrary words. May Department Stores Co. v. Schloss Bros. & Co., Inc., 234 F.2d

---

4. Reg. No. 639,464 issued January 1, 1957.

5. Reg. No. 536,042 issued January 9, 1951.

6. Reg. No. 576,236 issued June 23, 1953.

7. Reg. No. 639,333 issued January 1, 1957.

8. Reg. No. 588,041 issued April 13, 1954.

9. Reg. No. 576,583 issued June 30, 1953.

10. "servomechanism, n. An apparatus that includes a servomotor." .
  "servomotor, n. Mach. A relay apparatus; specif.; a An auxilliary motor, regulated by a hand lever, for quickly and easily moving the reversing gear of a large marine engine into any desired position indicated by that of the hand lever, which controls the valve of the motor * * * c Any power driven mechanism which supplements a primary control.
  "servo, n. Short for Servomotor, Servomechanism; hence servo, adj." (Webster's New International Dictionary, 2nd Ed., Unabridged, 1954.)

879, 43 CCPA 980, and cases cited therein.

Full consideration has been accorded appellant's arguments and citations but we are not convinced that the board erred in holding that:

"Considering the rather technical nature of the goods, and the meaning which the term 'Servo' would have to purchasers thereof, it is concluded that there is no such resemblance between applicant's mark 'Servospeed' and any of opposer's marks as would be likely to cause confusion or mistake or deception of purchasers."

The decision is affirmed.

Affirmed.