**48 CCPA**

**SERVO CORPORATION OF AMERICA,**
Appellant,
v.
**KELSEY–HAYES COMPANY, Appellee.**
Patent Appeal No. 6652.

United States Court of Customs and Patent Appeals.

May 5, 1961.

Roy C. Hopgood and John M. Calimafde, New York City, for appellant.

Whittemore, Hulbert & Belknap, Clarence B. Zewadski, Detroit, Mich., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

WORLEY, Chief Judge.

This appeal is from a decision of the Trademark Trial and Appeal Board dismissing an opposition by appellant, Servo Corporation of America, to an application by appellee, Kelsey-Hayes Company, to register "Servotorque" for a rotary hydraulic actuator. Use since June 4, 1957, is alleged.

Opposition is based on appellant's prior use and registration of "Servo" as a trademark for electrical connectors [1] and "Servo" in conjunction with a design for control actuating servomechanisms; [2] for control equipment, measuring instruments and testing devices; [3] and for engineering and consulting services related to electronics and servomechanisms, [4] all preceding three registrations being registered under Section 2(f) of the Lanham

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

1. Reg. No. 338,806 issued September 15, 1936.
2. Reg. No. 647,377 issued June 25, 1957.
3. Reg. No. 642,322 issued March 5, 1957.
4. Reg. No. 639,464 issued January 1, 1957.

958

Act. Appellant has also incorporated "Servo" as a prefix in an alleged family of trademarks including "Servoscope," [5] "Servosync," [6] "Servoflight," [7] Servotherm," [8] and "Servoflex," [9] for various apparatus, machines and supplies, including servomotor operated or assisted mechanisms. There is no question that both parties apply their marks to similar goods, classifiable as servomechanisms, or equipment closely related thereto, and that appellant is the first user. The sole issue is whether the marks so resemble one another that their concurrent use would be likely to confuse purchasers within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052 (d).

It is appellant's contention that, because it is the exclusive owner of all registered trademarks containing the term "Servo," and because of its long use of that term in identifying its goods and services, it has a vested proprietary interest in "Servo" and has established a legal family of trademarks using "Servo" as a prefix therein.

The board found that appellant had established no proprietary interest in "Servo," and that concurrent use of the mark by the parties would not be likely to cause confusion of purchasers.

The issues here closely parallel those in a companion appeal, Servo Corp. of America v. Servo-Tek Products Co., Cust. & Pat.App., 289 F.2d 955, involving appellant's opposition to registration of "Servospeed" for use on servomechanisms. There we held that appellant did not have an exclusive proprietary interest in "Servo" as applied to servomechanisms; that it had not created a legal family of marks; and that confusion of purchasers was not likely. For the reasons given there we reach the same conclusion here.

The decision is affirmed.

Affirmed.

5. Reg. No. 536,042 issued January 9, 1951.
6. Reg. No. 576,236 issued June 23, 1953.
7. Reg. No. 639,333 issued January 1, 1957.

