Application of **PREFORMED LINE PRODUCTS COMPANY.**

Patent Appeal No. 6993.

United States Court of Customs and Patent Appeals.

Nov. 14, 1963.

George T. Mobille, Cushman, Darby & Cushman, Washington, D. C. (Gerrit P. Groen, Patrick H. Hume, Henry L. Brinks, Byron, Hume, Groen & Clement, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

SMITH, Judge.

The Trademark Trial and Appeal Board affirmed (133 USPQ 623) the refusal of the examiner to register appellant's alleged mark "Preformed" [1] on the Principal Register under section 2(f) of the Trademark Act of 1946 (15 U.S.C. 1052). The refusal to register the alleged mark was on the ground that the mark is merely descriptive and in the public domain as applied to applicant's goods and is therefore incapable of distinguishing such goods from like goods of others. This appeal raises the single issue as to the correctness of that holding.

The goods with which appellant uses the alleged mark are set forth in the amended application as:

" * * * accessories for electrical ropes, cables, strands, wires, and pole line hardware, armor rods and wires, splices, line guards, patch rods, tap armor, line splices, dead ends, telephone splints, splint and tie assemblies, lashing rods, conductor suspension systems, electrical splice shunts, spacers for parallel conductors, tangent supports [and] drop wire hangers * * *."

1. Application Serial No. 49,185 filed April 7, 1958.

■ Appellant urges that the refusal to register its mark is not proper in view of certain proofs from which it argues that the mark has become distinctive through substantially exclusive use since about August 28, 1947. We have reviewed these proofs and have considered appellant's arguments relative thereto but are unable to find error in the position of the Trademark Trial and Appeal Board.

As we said in Roselux Chem. Co., Inc. et al. v. Parsons Ammonia Co., Inc., 299 F.2d 855, 862, 49 CCPA 931, 941: "Distinctiveness means that the *primary* meaning of the word, in this limited field, is as a designation of source rather than of a characteristic of the product." The board has correctly pointed out that the word "Preformed" for which registration is sought is:

" * * * a normal use of the English language to describe such goods as applicant's armor rods, ropes, lines, wires, and other of its goods which have been helically shaped in advance. * * * "

While the Trademark Trial and Appeal Board relied upon dictionary definitions and usage of the word in certain patents to support the above quoted conclusion, we find it unnecessary to go beyond page 27 of appellant's brief to support the board's position. There in the description of its "Plastic Spacer Units PSU for Open Line Wire," we find that "The legs, helically *preformed*, assure absolute uniformity of each application." (Emphasis added.) This, it seems to us, indicates that the primary function, in this limited field, of the word for which registration is sought is in describing a characteristic of the product. All of the products to which the mark is applied are "preformed" in the same sense as are the legs of the Plastic Spacer units; i. e., they are goods which have been shaped or formed in advance of their use. Undoubtedly it was this fact which caused appellant's sales manager in July 1956, in a letter to one of appellant's agents, to state:

" * * * I suppose that the term Preformed Armor Rods may be used to describe the type of armor rod, not the manufacturer * * ."

■ Reference has been made in appellant's brief to alleged unfair competition by Indiana Steel in connection with appellant's use of the term "Preformed" in distinctive script. Since this is not the mark shown in the drawing, this matter is irrelevant. Other allegations implying unfair competition are not relevant to the issue of registrability. Weiss Noodle Co. v. Golden Cracknel & Specialty Co., 290 F.2d 845, 48 CCPA 1004.

■ Appellant also urges that it is the only source of these particular goods which uses the term "preformed," and points to its competitor's use of the term "superformed" to designate its goods. Appellant's position appears to be that since it is recognized in the trade as the source for "preformed" accessories of the types set forth in its trademark application and since there is but a limited group of purchasers, the public has associated the word "preformed" with appellant's goods. It urges further that its large sales volume of such goods and its substantial advertising expenditures in connection therewith have given the word a distinctive significance. This court answered a similar argument in J. Kohnstam, Ltd. v. Louis Marx & Co., et al., 280 F.2d 437, 440, 47 CCPA 1080, 1084, as follows:

" * * * But such a circumstance cannot take the *common descriptive* name of an article out of the public domain and give the temporarily exclusive user of it exclusive rights to it, no matter how much money or effort it pours into promoting the sale of the merchandise. Registration of the mark in issue would deprive opposers of the right to call matchbox toys by their name. They have the same right to do so as appellant."

The decision of the Trademark Trial and Appeal Board is therefore *affirmed*.

Affirmed.