The court also observes a recent change in Patent Office practice which greatly simplifies the procedure for filing a continuation application. See 824 O.G. 1.

The decision is affirmed.

Affirmed.

---

Henry L. Brinks, Dean A. Olds, Chicago, Ill., for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

This appeal is from the decision [1] of the Trademark Trial and Appeal Board refusing registration on the Principal Register of the trademark

which Preformed Line Products Co. alleges has been used on goods known in the electrical trade as pole line hardware [2] since July 25, 1961.

In denying registration, the board said:

\* \* \* the subject mark of the application is "dominated" by the term "PREFORMED", which has heretofore been held to be merely descriptive and hence incapable of identifying applicant's goods and distinguishing them from like goods of others. [3]

Although we agreed with the board's ruling in the first "Preformed" appeal,

---

**53 CCPA**

### Application of PREFORMED LINE PRODUCTS COMPANY.

### Patent Appeal No. 7540.

United States Court of Customs and Patent Appeals.

May 12, 1966.

---

1. 142 USPQ 517.

2. Appellant's application Serial No. 131,-992, filed November 14, 1961, describes the goods as

Accessories for Electrical Ropes,, Cables, Strands, Wires, and Pole Line Hardware, Armor Rods and Wires, Splices, Line Guards, Patch Rods, Tap Armor, Line Splices, Dead Ends, Telephone Splints, Splint and Tie Assemblies, Lashing Rods, Conductor Suspension Systems, Electrical Splice Shunts, Spacers for Parallel Conductors, Tangent Supports, Drop Wire Hangers

which are used in conjunction with overhead electrical transmission lines.

3. The board was referring to this court's decision in In re Preformed Line Products Co., 323 F.2d 1007, 51 CCPA 775, where we found the word "Preformed" to be "merely descriptive" when applied to the identical goods recited here.

we are unable to agree that it is controlling here in view of different facts. There "Preformed" stood alone; here, however, it has become a part of the slogan "You can *look up* to Preformed." We do not think incorporating "Preformed" into the instant slogan, granted its prominence, makes the entire slogan "merely descriptive." In our view the slogan, viewed in its entirety, as it must be, performs its intended function of identifying appellant's goods and distinguishing them from those of others.

Reversed.

53 CCPA

## Application of John C. CHUPA.
### Patent Appeal No. 7640.
United States Court of Customs and Patent Appeals.

May 12, 1966.

Albert L. Ely, Jr., Cleveland, Ohio, Francis D. Thomas, Jr., Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C. (J. F. Nakamura, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

SMITH, Judge.

This appeal from a decision of the Board of Appeals affirming the rejection of appealed claims[1] 2–5, 7 and 8 raises an issue under 35 U.S.C. § 103.

The art of record on which the examiner concluded the claimed invention was obvious is as follows:

| Tipton | 2,760,775 | Aug. 28, 1956 |
| Fenton | 2,387,433 | Oct. 23, 1945 |
| De Laney et al. | | |
| [De Laney] | 2,065,121 | Dec. 22, 1936 |

The appealed claims were considered together by the parties and we shall do likewise. We do not find it necessary to consider the Tipton reference.

Appellant's invention relates to a valve for an inflatable article, such as a basketball. The valve consists of a hollow housing and a resilient plug. The invention is defined in appealed claim 7 as follows:

7. A valve for an inflatable article comprising a relatively stiff hollow housing having a substantially closed end and at least a partially open, opposite end, said housing defining a plug-retaining chamber, and a resilient plug constrained within said chamber under axial and radial compression, said plug having an uncompressed diameter and length greater than the inner diameter and length of said chamber.

[*] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

1. In application Ser. No. 852,642, filed Nov. 13, 1959. No claims are allowed.