54 CCPA

**Application of SUNBEAM COR-PORATION.**

**Patent Appeal No. 7724.**

United States Court of Customs and Patent Appeals.

Jan. 5, 1967.

George R. Clark, Chicago, Ill. (Robert M. Newbury, Chicago, Ill., of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

WORLEY, Chief Judge.

In refusing Sunbeam's application[1] to register "Spray Mist" for use on "Electric Pressing Irons" the Trademark Trial and Appeal Board stated:

As shown by a catalog page made of record by applicant, the mark "Spray Mist" is used on a combination steam, spray and dry iron. The iron is described therein as "The New Sunbeam Spray Mist spray, steam or dry iron—steam-propelled spray gives you the delicate spray you want for the most stubborn wrinkles" and "Now! Faster ironing with fewer strokes because steam propelled spray thoroughly and gently envelopes the wrinkled area * * * penetrates, without soaking! Result: neater-looking ironing. Sprays warm water even for Dry ironing!"

According to Webster's Third New International Dictionary (Unabridged, 1961) "spray", as a verb is defined, inter alia, as "to discharge a liquid as spray" and as a noun, inter alia, as "a jet of liquid (as water) dispersed by a sprayer". "Mist" is defined therein as "a fine spray". In view thereof and considering applicant's iron as described in its catalog sheet, it is our opinion that although the mark "Spray Mist" may be somewhat incongruous in that the terms "Spray" and "Mist" can be used interchangeably, it immediately conveys or describes a function or feature of applicant's iron, namely, that it sprays a mist of water during the ironing process. Accordingly, in the absence of evidence which would tend to indicate that it does, in fact, identify and

distinguish applicant's irons, it is our opinion that "Spray Mist" is merely descriptive within the meaning of Section 2(e) (1) * * * [2].

Granted, as appellant concedes, that "Spray Mist" is somewhat suggestive of one feature, or function, of the goods, we are unable to agree with the board that the mark is *merely descriptive* of an electric pressing iron within our understanding of the statute.

The decision is reversed.

Reversed.

the goods of others shall be refused registration on the principal register on account of its nature unless it—
* * * * *
(e) consists of a mark which, (1) when applied to the goods of the applicant is merely descriptive * * * of them * * *

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 124,304, filed July 19, 1961.

2. Section 2 of the Lanham Act provides in pertinent part:
No trade-mark by which the goods of the applicant may be distinguished from