57 CCPA

### Application of MAJESTIC DISTILLING COMPANY, Inc.
### Patent Appeal No. 8220.

United States Court of Customs and Patent Appeals.

Feb. 5, 1970.

Mercer L. Stockell, New York City, Atty. of Record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Charles R. Fowler, Silver Spring, Md., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, LANE, Judges, and RAO, Chief Judge, sitting by designation.

RICH, Acting Chief Judge.

This appeal is from a decision by the Trademark Trial and Appeal Board, 153 USPQ 884 (Abstract), affirming the examiner's refusal to register "CHARRED KEG" as a trademark for whiskey on the ground that the mark is merely descriptive of applicant's goods. (Section 2(e) (1) Trademark Act of 1946, 15 U. S.C. § 1052(e).) The board also said: "If said term were applied to a type of whiskey other than bourbon it could well be misdescriptive thereof."

While appellant concedes that the mark is not purely arbitrary, it urges that it does not describe any ingredient, condition, or quality of the whiskey but merely suggest the aging of whiskey and serves as no more than a vague association with excellence.

A mark may be "merely descriptive" and not registrable if it only describes a characteristic of the goods. In re Walker Manufacturing Co., 359 F. 2d 474, 53 CCPA 1133 (1966); In re Preformed Line Products Co., 323 F.2d 1007, 51 CCPA 775 (1963); Roselux Chem. Co. v. Parsons Ammonia Co., 299 F.2d 855, 49 CCPA 931 (1962). On the other hand, a legal distinction has been drawn between merely descriptive terms and terms that are only suggestive of the goods or their characteristics. In re Colonial Stores, Inc., 394 F.2d 549, 55 CCPA 1049 (1968); Audio Fidelity, Inc. v. London Records, Inc., 332 F.2d 577, 51 CCPA 1429 (1964). The issue is whether, as applied to whiskey, "CHARRED KEG" is merely descriptive or merely suggestive.

Appellant's application sets forth that the mark has been used "For Whiskey," but the specimen label shows it is applied to "STRAIGHT BOURBON WHISKEY." Certain background facts must be considered in resolving the issue.

Bourbon whiskey, as defined in Webster's Third International Dictionary (1966), is. "a whiskey distilled from a mash containing at least 51 percent corn, the rest being malt and rye, and aged in new charred oak containers." Corn whiskey, however, is defined as "whiskey distilled from a mash made up of not less than 80 percent corn and aged in an uncharred or used oak container." [1]

The regulations under the Federal Alcohol Administration Act, Title 27, Code of Federal Regulations, Part 5, section 5.10 provide:

(j) *Age.* * * * In the case of American type whiskies produced on or after July 1, 1936, other than corn whisky, straight corn whiskies, blended corn whisky, and blends of straight corn whisky "age" means the period during which the whisky has been kept in charred new oak containers.

In support of its position that the term "CHARRED KEG" is suggestive rather than descriptive, appellant relies on In re Colonial Stores, supra. The court there indicated that one of the tests used to determine whether a given mark is "merely descriptive" is based upon what it would mean to a potential customer when applied to applicant's goods. In that case it was held that the term "SUGAR & SPICE" applied to bakery goods did not tell the potential customer only what the goods were, their functions, characteristics, use, or ingredients, but would, by virtue of the old nursery rhyme, evoke an association with "everything nice."

Appellant also cites In re Sunbeam Corp., 370 F.2d 358, 54 CCPA 901 (1967), wherein it was held that the mark "Spray Mist" as applied to an electric pressing iron, although suggestive of one feature of function of the goods, was not merely descriptive.

In the *Roselux* case, supra, it was sought to register "Sudsy" as a trademark for ammonia containing synthetic detergent. The product was a new type of household ammonia which became sudsy when the bottle was shaken. We held that "sudsy ammonia" was a common descriptive name for the product, stating (299 F.2d p. 860, 49 CCPA pp. 937-938):

One common descriptive name of the product to which "sudsy" is applied is "detergent ammonia" but proof of

---

[1]. See also "The Earnest Drinker" by Oscar A. Mendelsohn; "Grossman's Guide to Wine, Spirits and Beers" by Harold J. Grossman; "The Bourbon Production Story" appearing in "Patterson's Califor-nia Beverage Gazetteer" for September 1965. These indicate that bourbon and American type whiskeys, except corn whiskey, are aged in charred oak containers.

this fact does not establish that "sudsy ammonia" is not also a common descriptive name. Another descriptive name is "ammonium hydroxide solution containing synthetic detergent". However, in considering whether "sudsy ammonia" is a *common* descriptive name of the product we cannot fail to take into consideration the class of people who will commonly be using it and what they will commonly call it. The record here shows, through the testimony of Mr. Ingham and in other respects, that the product is intended, not for chemists, but in his words for "Mrs. Consumer," the average housewife. Assuming her familiarity with clear ammonia or cloudy ammonia or even pine-scented ammonia, the thing she is most likely to remember about this new product, especially after having once used it or seen it demonstrated, is that it is *sudsy* ammonia.

■ In the instant case, while it appears that bourbon is an American-type whiskey which has been aged in charred containers, it does not, in our opinion, follow that "CHARRED KEG" when used on whiskey conveys to the consuming public that it is a particular type of whiskey, though it may suggest that it is one which has been aged in charred containers. The record does not show that bourbon or other whiskey is actually aged in "kegs." Registration will not interfere with the right of the trade to state the fact that its whiskey has been aged in charred oak barrels, vats or other containers.

■ On the misdescriptive question, which we cannot regard as a ground of rejection, it may be that the Patent Office will wish to reconsider, in light of our reversal of the rejection for descriptiveness, whether the description of the goods is too broad in view of the specimens which show use only on bourbon.

The decision of the board is reversed.

Reversed.